UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

DARION STARGELL,

    Petitioner,

v.                                                 CIVIL ACTION NO. 5:23-cv-00546

WARDEN KATINA HECKARD,

    Respondent.

## ORDER

Pending are Petitioner Darion Stargell's (1) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1], (2) Motion to Waive Exhaustion of Administrative Remedies [Doc. 2], and (3) Motion for Appointment of Counsel [Doc. 3], all filed August 14, 2023. Also pending is Respondent's Motion to Dismiss [ECF 12], contained within her response. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on January 17, 2024. Magistrate Judge Eifert recommended that the Court grant Respondent's Motion to Dismiss, deny Mr. Stargell's Petition for a Writ of Habeas Corpus and Motion to Waive Exhaustion, deny as moot Mr. Stargell's Motion for Appointment of Counsel, and dismiss this matter from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on February 5, 2024. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 16**], **GRANTS** Respondent's Motion to Dismiss [**Doc. 12**], **DENIES** Mr. Stargell's Petition for a Writ of Habeas Corpus under 24 U.S.C. § 2241 [**Doc. 1**] and Motion to Waive Exhaustion of Administrative Remedies [**Doc. 2**], **DENIES AS MOOT** Mr. Stargell's Motion for Appointment of Counsel [**Doc. 3**], and **DISMISSES** this matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: February 22, 2024

Frank W. Volk
United States District Judge